# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:10-cr-00086-MR-DLH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| LINDA ALLEN KNOX. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Stay Judgment [Doc. 58].

## I.  PROCEDURAL BACKGROUND

On November 30, 2010, the Defendant Linda Allen Knox was charged in an Bill of Information with mail fraud, and aiding and abetting, in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2.  [Doc. 1].  She appeared on a Summons on December 17, 2010, and pled guilty to the charge set forth in the Bill of Information pursuant to a written Plea Agreement.  [Doc. 2].  At that time, the Defendant was released under a $25,000 unsecured bond.  [Doc. 12].

The Defendant was scheduled to be sentenced on May 16, 2012. During the sentencing hearing, the Court granted the Defendant's motion to

continue the matter until September 20, 2012. Prior to the commencement of that hearing, the Defendant moved for another continuance, which was also granted. [Doc. 51].

On October 23, 2012, the Defendant was sentenced to a term of 33 months' imprisonment. [Doc. 53]. In the Judgment, the Court recommended to the Bureau of Prisons that: (1) the Defendant should be allowed to (1) participate in any available mental health treatment programs; (2) support all dependents from prison earnings; and (3) participate in the Federal Inmate Financial Responsibility Program; the Court made no recommendation regarding the place of confinement. [Id. at 2]. The Court further ordered the Defendant to surrender to the United States Marshal as notified by the same. [Id.].

On November 14, 2012, the Defendant filed the present Motion, asking the Court to stay the Judgment in this case pending her appeal and to issue an appeal bond in this matter pursuant to Fed. R. App. P. 8(a)(1) and 18 U.S.C. § 3143(b). Alternatively, the Defendant moves for the issuance of a temporary stay to allow the Government adequate time to respond to her Motion. Should either requested relief be denied, the Defendant alternatively requests pursuant to Fed. R. Crim. P. 38(b) that this Court recommend to the

Attorney General that the Defendant be confined near the place of appeal to permit assistance in preparing the appeal. [Doc. 58]. The Government immediately filed a response, opposing the Defendant's request for relief. [Doc. 59].

II.  **ANALYSIS**

The release of a defendant after conviction but during the pendency of an appeal is controlled by 18 U.S.C. § 3143, which provides, in pertinent part, as follows:

> [T]he judicial officer *shall* order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal ... be detained, unless the judicial officer finds --
>
> (A)  by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; *and*
>
> (B)  that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in --
>
> >(i)  reversal, [or]
>
> >        *       *       *
>
> >(iii)  a sentence that does not include a term of imprisonment[.]

3

18 U.S.C. § 3143(b) (emphasis added).

The Defendant contends, and the Government does not apparently dispute, that she is not likely to flee and further that she would not pose any danger to the safety of any other person or the community if she were allowed to remain on release pending her appeal. In addition, however, the Defendant must show that her appeal is not being taken for the purpose of delay *and* that it raises a substantial question of law or fact likely to result in reversal or a sentence that does not include a term of imprisonment. As to this latter point, the Defendant contends that her guideline range, which was based in part on the parties' stipulation to an amount of loss in excess of $120,000, was improperly determined and should have been substantially lower in light of the fact that the Court only ordered the Defendant to pay restitution in the amount of $22,052.00.

The Defendant, however, stipulated to this loss amount in her written Plea Agreement. In so doing, the Defendant acknowledged that the stipulated loss amount "may be different from, greater, or lesser than" the restitution amount ultimately ordered by the Court. [Doc. 2 at 2]. Further, in executing the Plea Agreement, the Defendant waived any right to appeal her conviction and sentence, except for claims of ineffective assistance of counsel and

prosecutorial misconduct. Moreover, at the sentencing hearing the Court heard extensive evidence regarding the loss amounts relevant to the degree of enhancement, as well as evidence regarding restitution. The Court made findings regarding the reasonable estimate of such loss amount based upon that evidence, and not solely in reliance on the stipulated loss in the Plea Agreement. The Court's findings as to restitution were lower because of a lack of evidence as to the specific identities of the victims and the specific amounts of their individual losses. In light of these facts, the Court concludes that the Defendant has failed to demonstrate that her appeal presents a "substantial question of law or fact likely to result in . . . reversal [or] a sentence that does not include a term of imprisonment." 18 U.S.C. § 3143(b). Accordingly, the Defendant's Motion to Stay the Judgment is denied.

The Defendant's request for alternative relief -- for the issuance of a temporary stay to allow the Government adequate time to respond to this Motion -- was rendered moot by the Government's filing of a response in opposition the same day that the motion was filed.

Finally, the Defendant requests that the Court recommend to the Attorney General that the Defendant be confined near the place of appeal in order to permit the Defendant to assist in preparing for said appeal. It

appears from the Defendant's own Motion that the Attorney General already has determined the place of confinement and thus, any recommendation by the Court at this point would be moot. In any event, the Defendant has not demonstrated why her presence any more "near the place of appeal" would assist counsel in preparing her appeal. For these reasons, the Defendant's request for a recommendation regarding the place of confinement is denied.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Stay Judgment [Doc. 58] is **DENIED**.

**IT IS SO ORDERED.**

Signed: December 11, 2012

Martin Reidinger
United States District Judge