# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIMINAL CASE NO. 1:10-cr-00086-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | **O R D E R** |
| LINDA ALLEN KNOX, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court upon the Defendant's letter, which the Court construes as a motion for early termination of the term of supervised release. [Doc. 87]. The Government opposes the Defendant's motion. [Doc. 88].

On December 17, 2010, the Defendant pleaded guilty pursuant to a written plea agreement to one count of mail fraud and aiding and abetting the same, in violation of 18 U.S.C. §§ 1341 and 2. The Defendant was sentenced on October 23, 2012, to a term of 33 months' imprisonment and three years of supervised release and was ordered to pay restitution in the amount of $22,052.00. [Doc. 53].

The Defendant now moves the Court to exercise its discretion and terminate her term of supervised release. For grounds, the Defendant states

that she has complied with all the terms of supervision. [Doc. 87]. The Government opposes the Defendant's motion, noting that she still owes approximately $19,675.86 in restitution to her victims. Additionally, the Government notes that the Defendant failed to appear at a garnishment hearing before the Magistrate Judge on August 31, 2015. [Doc. 88].

In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). Upon careful consideration of the record, the Court is not satisfied that termination of the Defendant's term of supervised release is warranted. The Defendant still has a significant outstanding restitution obligation, to which only minimal payments have been made. Accordingly, the Court declines to exercise its discretion to terminate the Defendant's term of supervised release at this time.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 87], which the Court construes as a motion for early termination of the term of supervised release, is **DENIED**. The Defendant's term of supervised release shall continue as originally sentenced.

The Clerk is directed to serve a copy of this Order on the Defendant, counsel for the Government, and the United States Probation Office.

**IT IS SO ORDERED.**  Signed: December 19, 2016

Martin Reidinger
United States District Judge